IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. H-95-265-01 |
| | § | |
| WENDELL ALBOYD CORNETT, | § | |

**MEMORANDUM AND ORDER DENYING
MOTION TO MODIFY SENTENCE**

The defendant, Wendell Alboyd Cornett, has filed a "Motion to Modify an Illegal Sentence," invoking Rule 35(a) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3582(b)(2). (Docket Entry No. 1001). After considering the motion and the application of governing legal authorities, the Court **denies** the motion to modify for reasons set forth below.

**I.   DISCUSSION**

A federal grand jury in this district returned a multi-count indictment against Cornett, alleging that he was the leader of a complex drug-distribution conspiracy. After a jury found Cornett guilty of all but two counts in the indictment, this Court sentenced him on January 23, 1998, to concurrent terms of life imprisonment on at least six of those counts. Finding that the evidence of Cornett's guilt as leader of an "elaborate drug conspiracy" was "ample and cogent," the Fifth Circuit rejected Cornett's appeal as "meritless" and affirmed his conviction. *See United States v. Cornett*, 195 F.3d 776, 781 (5th Cir. 1999).

Since his conviction became final, Cornett has made several unfruitful efforts to

challenge his conviction and sentence. After his conviction was affirmed on appeal, Cornett filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, arguing that his sentence must be vacated and his conviction set aside in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the specific quantity of drugs involved in the offense was neither alleged in the indictment, nor proven to the jury beyond a reasonable doubt. This Court denied the motion, noting that *Apprendi* was not retroactive to defendants on collateral review. *See Cornett v. United States*, Civil Action No. 4-00-4308 (S.D. Tex.) (Docket Entry No. 982). Alternatively, the Court noted that, in light of the overwhelming evidence of guilt presented at trial, Cornett failed to demonstrate that he was entitled to relief under the plain error standard. *See id*. The Fifth Circuit dismissed Cornett's appeal for want of prosecution.

Thereafter, Cornett filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that he was entitled to relief under *Blakely v. Washington*, — U.S. —, 124 S. Ct. 2531 (2004). In *Blakely*, the Supreme Court applied *Apprendi* to invalidate an exceptional sentence imposed by a trial court in the State of Washington after finding that the punishment exceeded the statutory maximum applicable to the facts admitted by the defendant during his guilty plea. This Court denied Cornett's motion after finding that it was barred by the limitation on successive writs found in 28 U.S.C. § 2255. The Fifth Circuit denied Cornett's subsequent request for authorization to file a second or successive motion under § 2255. *See United States v. Cornett*, No. 05-20196.

Cornett now attempts to circumvent the limitation on filing successive § 2255 motions by characterizing his pleading as a motion to modify an illegal sentence under Rule 35 of the

Federal Rules of Criminal Procedure and 18 U.S.C. § 3582(b)(2). Pointing again to *Blakely* and other *Apprendi* progeny, Cornett argues anew that he is entitled to relief under the Supreme Court's decision in *Booker v. United States*, — U.S. —, 125 S. Ct. 738 (2005), which extended the rule in *Blakely* to punishments imposed under the United States Sentencing Guidelines. Cornett fails to demonstrate that he is entitled to relief under Rule 35 or 18 U.S.C. § 3582(b)(2).

"A district court's ability to resentence a defendant is generally limited and available only in discrete circumstances." *United States v. Delgado*, 256 F.3d 264, 279 (5th Cir. 2001). Rule 35(a) of the Federal Rules of Criminal Procedure allows a district court to correct a sentence that has resulted from "arithmetical, technical, or other clear error" within *seven days* after sentencing. The seven-day time limit is jurisdictional. *See United States v. Lopez*, 26 F.3d 512, 519-20 (5th Cir. 1994). Cornett's motion, filed more than *seven years* after his sentencing, clearly fails to fit within the time limit for relief under Rule 35(a). More importantly, Rule 35 is not intended to afford an opportunity to reconsider the application or interpretation of the sentencing guidelines. *See United States v. Carmouche*, 138 F.3d 1014, 1020 (5th Cir. 1998) (DeMoss, J., concurring).

To the extent that Cornett invokes 18 U.S.C. § 3582(b), this statute recognizes that a sentence of imprisonment imposed pursuant to a final judgment may be modified pursuant to 18 U.S.C. § 3582(c), corrected pursuant to Rule 35, or appealed and modified pursuant to the provisions of 18 U.S.C. § 3742 (governing appellate review of sentences). Cornett's *Booker* claim is not cognizable under § 3582(c), which only applies to retroactive guideline

3

amendments. *See United States v. Shaw* 30 F.3d 26, 28 (5th Cir. 1994) (citing U.S.S.G. § 1B1.10(d); *United States v. Miller*, 903 F.2d 341, 349 (5th Cir. 1990)). For reasons already stated, Cornett is not entitled to a corrected sentence under Rule 35. Likewise, Cornett does not show that his sentence has been modified or corrected during the appellate process for purposes of § 3742. Simply put, none of the statutory provisions invoked by Cornett apply under these circumstances. If anything, Cornett's motion seeking relief under *Booker* is a successive attempt to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. As Cornett already knows, he must first obtain authorization from the Fifth Circuit before seeking such relief.

## II.   CONCLUSION AND ORDER

Because Cornett fails to show that he is entitled to relief under Rule 35 or 18 U.S.C. § 3582(b)(2), it is **ORDERED** that his motion to modify sentence (Docket Entry No. 1001) is **DENIED**.

Cornett is further **WARNED** that any further repetitious or frivolous attempts to circumvent statutory restrictions on filing second or successive 28 U.S.C. § 2255 motions to vacate may result in the imposition of sanctions against him. These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this Court.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **September 6, 2005**.

_____
Nancy F. Atlas
United States District Judge