IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-95-0265-02 |
| | § | |
| WARREN DEAN CORNETT | § | (Civil Action No. H-02-2244) |
| | § | |

# MEMORANDUM AND ORDER

On July 22, 2002, this Court denied Warren Dean Cornett's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, after finding that the motion was untimely and therefore barred by the one-year statute of limitations. Thereafter, on January 25, 2006, the Court denied Cornett's motion for relief from that judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Cornett has filed a second motion under Rule 60(b) seeking reconsideration of his motion under 28 U.S.C. § 2255. (Doc. # 1052). The motion is denied for reasons set forth below.

## I.      DISCUSSION

On July 25, 1997, a jury found Cornett guilty of conspiracy to possess cocaine and cocaine base (*i.e.*, crack cocaine) with intent to distribute, as well as two counts of aiding and abetting the possession with intent to distribute those drugs. (Criminal Docket No. 594). As a result, the Court sentenced Cornett to life imprisonment. The United States Court of Appeals for the Fifth Circuit affirmed Cornett's conviction and sentence in 1999. *See United*

*States v. Cornett*, No. 98-20298 (5th Cir. 1999). Cornett did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court.

On June 7, 2002, Cornett filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Among other things, Cornett argued that he was entitled to relief under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because his sentence was enhanced with facts that were neither alleged in the indictment nor proven to a jury beyond a reasonable doubt. On July 22, 2002, the Court denied relief under § 2255, on the grounds that the motion was barred by the governing one-year statute of limitations. *See United States v. Cornett*, Civil Action No. H-02-2244 (S.D. Tex.). Alternatively, the Court found that Cornett's claims were without merit. The Fifth Circuit agreed and denied a certificate of appealability from that decision. *See Cornett v. United States*, No. 02-21083 (5th Cir. 2003). Subsequently, the Supreme Court denied Cornett's petition for a writ of certiorari. *See Cornett v. United States*, 540 U.S. 932 (2003).

The defendant now seeks relief from the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. It is his second effort to obtain relief under Rule 60(b).[1] In his pending motion, Cornett complains that he was unable to file his § 2255 motion within the one-year deadline because he was incarcerated in the Texas prison system and the law library at his prison facility had no "federal law" materials. Cornett relies on *Egerton v.*

---

[1] In Cornett's first motion for relief from the final judgment under Rule 60(b), he argued that his sentence was invalid under *United States v. Booker*, 543 U.S. 220 (2005).

*Cockrell*, 334 F.3d 433, 437 (5th Cir. 2003), which held that an inadequate law library which did not contain a copy of the AEDPA (which contains the limitations period for filing habeas petitions) could toll the limitations period as a "state created impediment" under 28 U.S.C. § 2244(d)(1)(B). Cornett now claims that it was not until after he was transferred to federal prison in August of 2001 that he learned about the one-year statute of limitations on § 2255 review from a fellow inmate.

Cornett, who acknowledged that his § 2255 motion was untimely when he filed in June of 2002, did not raise this argument or claim that he was unaware of the statute of limitations prior to the dismissal. Instead, Cornett stated that he mistakenly believed that he could not challenge his federal conviction until he was "released [from state custody] to the federal government." A *pro se* prisoner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely habeas petition. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a prisoner's ignorance or mistake is insufficient to warrant equitable tolling).

Likewise, Cornett did not raise this argument in 2006, when he filed his first motion for relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Arguments such as the one he presents here, which could have and should have been raised previously, are not sufficient to warrant setting aside of the judgment. *See, e.g., Lupo v. Wyeth-Ayerst Laboratories*, 4 F. Supp. 2d 642, 645 (E.D. Tex. 1997) (providing that post-judgment motions under Rule 59(e) should not be used "to raise arguments that could, and should, have been made before the entry of judgment . . . [or] to re-urge matters that have

3

already been advanced by a party"); *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (holding that a post-judgment motion is not "the proper vehicle for rehashing old arguments or advancing legal theories that could have been presented earlier").

Moreover, Cornett fails explain why, if he learned about the statute of limitations upon his transfer to federal custody in August of 2001, he waited approximately eleven months to file his motion for under 28 U.S.C. § 2255 on June 7, 2002. Even if some tolling of the limitations period were available, it is well established that equitable relief is not available where, as here, the movant fails to show the requisite diligence. *See Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999). Cornett's allegations do not demonstrate the requisite diligence or show that he is entitled to relief from the final judgment.[2]

## II.   CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The pending motion for relief from the final judgment (Doc. # 1052) is **DENIED**.

2. A certificate of appealability is **DENIED**.

---

[2] Even if Cornett was prevented from complying with the one-year statute of limitations, he still fails to show that he is entitled to relief from the judgment. As noted above, the Court reviewed the merits of Cornett's claims and rejected them, in the alternative, for lack of merit. Cornett fails to show that the Court's decision was entered in error or that he is entitled to any relief.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, on November 17th, 2008.

_____
Nancy F. Atlas
United States District Judge